

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRED BRADLEY, a.k.a.
SHA-HEED RAHMAN,

                          Petitioner,
       -against-                                              MEMORANDUM
                                                              AND ORDER
Acting Superintendent,                                        05-CV-3325 (DGT)(LB)
Ms. S. BUTLER,

                          Respondent.
---------------------------------------------------------X
```

TRAGER, United States District Judge:

*Pro se* petitioner Fred Bradley, also known as, Sha-Heed Rahman, incarcerated at Eastern Correctional Facility, brings this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 1990 conviction in New York Supreme Court, Kings County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

## Background

Petitioner was convicted of three counts of murder in the second degree and one count of sexual abuse. Petition ("Pet") at 1-2. He was sentenced to twenty-five years to life imprisonment on January 8, 1990. Id. at 2. On July 15, 1991, the Appellate Division Second Department affirmed his judgment of conviction, People v. Bradley, 573 N.Y.S.2d 342 (2d Dept. 1991), and

1



the New York State Court of Appeals denied leave to appeal on January 3, 1992. People v. Bradley, 79 N.Y.2d 853 (1992).

Discussion

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244 (d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Petitioner's instant application for habeas relief appears to be time-barred under the AEDPA. Prisoners like Bradley, whose convictions became final prior to the AEDPA's effective date of April 24, 1996, were afforded a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). According to

petitioner, he delivered the instant petition to prison authorities for mailing to the district court on June 27, 2005. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). Since the petition was filed more than eight years after the limitations period had expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244 (d), unless tolling is applicable.

28 U.S.C. § 2244 (d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending. Petitioner alleges that he filed a petition for a writ of error *coram nobis* on November 11, 2004, Petition at 3, which was denied on February 14, 2005. People v. Bradley, 789 N.Y.S.2d 439 (2d Dept. 2005). The New York State Court of Appeals denied leave to appeal the denial on April 26, 2005. People v. Bradley, 4 N.Y.3d 851 (2005). However, petitioner is advised that § 2244(d) only applies if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided. Smith v. McGinnis, 208 F.3d at 16 (2d Cir. 2000). Since petitioner's post-conviction motion was filed after the one-year period had expired, it does not toll the statute of limitations.

The Court notes that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis for equitable tolling, he shall present set forth the facts which establish "extraordinary circumstances"

3

and "reasonable diligence" in his affirmation to the Court.

## Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from the entry of this order, why the petition should not be dismissed as time-barred. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner's affirmation shall include any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244 (d). Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling.

No response to the petition shall be required at this time and all further proceedings shall be stayed for thirty days for petitioner to comply with this Order. Petitioner's application for the appointment of counsel and motion for an evidentiary hearing are denied without prejudice. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 2, 2005