UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

FRED BRADLEY, a.k.a.
SHA-HEED RAHMAN,

               Petitioner,

    -against-                                   MEMORANDUM
                                                 AND ORDER
Acting Superintendent,                       05-CV-3325 (DGT)(LB)
Ms. S. BUTLER,

               Respondent.
---------------------------------------------------------X

TRAGER, United States District Judge:

By order dated August 2, 2005, petitioner was directed to show cause by affirmation, within 30 days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner's affirmation was received on August 19, 2005; however, petitioner's arguments are insufficient to warrant equitable tolling herein. Therefore the instant petition is dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for a writ of habeas corpus. 28 U.S.C. § 2244 (d)(1). Petitioner was convicted of three counts of murder in the second degree and one count of sexual abuse. Petition ("Pet") at 1-2. He was sentenced to twenty-five years to life imprisonment on January 8, 1990. Id. at 2. On July 15, 1991, the Appellate Division Second Department affirmed his judgment of conviction, People v. Bradley, 573 N.Y.S.2d 342 (2d Dept. 1991), and the New York State Court of Appeals denied leave to appeal on January 3, 1992. People v. Bradley, 79 N.Y.2d 853 (1992). Prisoners like

petitioner, whose convictions became final prior to the AEDPA's effective date of April 24, 1996, were afforded a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on June 27, 2005. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). Thus, the instant petition was filed more than eight years after the limitations period had expired, and therefore is time-barred unless tolling is applicable.

As explained in the previous order, petitioner is not entitled to statutory tolling of the limitations period. Since petitioner's post-conviction motion, a writ of *error coram nobis* filed on November 4, 2005, was filed after the one-year period had expired, it does not toll the statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (28 U.S.C. § 2244 (d) only applies if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided).

Nor is petitioner entitled to equitable tolling of the statute of limitations. In "rare and exceptional" circumstances, the AEDPA's one year statute of limitations is subject to equitable tolling. Smith v. McGinnis, 208 F.3d at 17; see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). To benefit from equitable tolling, a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and that he acted with "reasonable diligence" during the period he seeks to toll. McGinnis, 208 F.3d at 17. Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have

2

filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); accord Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001); King v. Phillips, No. 03-CV-4351, 2005 WL 990693 at *3 (E.D.N.Y. Apr. 20, 2005).

In Valverde v. Stinson, the Second Circuit wrote: "the confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling and permit the filing of a petition after the statute of limitations would have run." Valverde, 224 F.3d at 132. However, the limitations period will only be tolled "to permit the filing of a petition on or before the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition." Id. at 134.

Petitioner's affirmation fails to present any facts which could support equitable tolling. Petitioner states that in 1991, while he was housed at Southport Correctional Facility, "a group of inmates decided to take the prison staff as hostages [and] as a result of that the Department of Correctional Services sent the Corrections Emergency Response Team ("CERT"). Affirmation at 1. Plaintiff alleges that even though he was not one of the inmates involved in the hostage situation, all of his legal work "that he may have had pertaining to my trial" was destroyed by CERT. Id. Plaintiff also argues that he has "had my cell robbed and during facility searches my legal work destroyed." Id. Plaintiff attaches several letters written in the past year regarding his attempt to reconstruct his state court records. Id. at Attachments 1, 2 and 3.

Even assuming that the confiscation of his legal papers in 1991 is an extraordinary circumstance, petitioner is not entitled to equitable tolling because he failed to act with reasonable diligence throughout the period he seeks to toll. Although his papers were confiscated in 1991, he did not file the instant petition until June 2005. Moreover, while plaintiff may have made some efforts to obtain his records around the time that they were confiscated, Affirmation

at 1,[1] the documents he submits to demonstrate his efforts are dated in or around 2004. Petitioner not shown that he acted with reasonable diligence throughout the eight year period he seeks to toll. See Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); Hizbullahankhamon, 255 F.3d at 75; Mateos v. West, 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005). Therefore, there is no basis for equitable tolling and the instant petition is untimely.

CONCLUSION

Accordingly, the petition is dismissed is time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

SO ORDERED.

DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
September 28, 2005

---

[1] "I sent out letters to Attorney Luther C. Williams, and Attorney Janet Claire L[egal] A[id], but never gotten any kind of response from either of them. I even sent letters to the Appellate Division Second Department and to the Office of the District Attorney General. I never gotten any response from none of the parties that I wrote to. Since my mother died in 1991 all my trial minutes were lost that may have been in her possession." Affirmation at 1.

4